IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:   JAMES RICHARD PETERS | CHAPTER 7 BANKRUPTCY<br>CASE NO. 03-14708 |
| SELENE D. MADDOX, CHAPTER 7 TRUSTEE,<br>FOR THE BANKRUPTCY ESTATE OF JAMES<br>RICHARD PETERS        PLAINTIFF | |
| V. | ADVERSARY PROCEEDING NO. _____ |
| MARY JANE RACKLEY | DEFENDANT |

## COMPLAINT

COMES NOW, Chapter 7 Case Panel Trustee, Selene D. Maddox, on behalf of the Bankruptcy Estate of James Richard Peters, by and through her attorney, Selene D. Maddox, and files her Complaint against Defendant, Mary Jane Rackley, and shows as follows:

1. Plaintiff, Selene D. Maddox, was duly appointed as successor Trustee in this case on or about March 3, 2005, in the place of Jacob C. Pongetti upon his resignation.

2. Defendant, Mary Jane Rackly, is an adult resident citizen of the State of Mississippi and can be served with process by first class mail at her regular mailing address of P.O. Box 339, Baldwyn, MS 38824.

3. On or about October 7, 2002, Mary Jane Rackley executed a Promissory Note in favor of James R. Peters in the principal amount of $30,000.00, with no interest thereon, and due and payable on or before the 6th day of May, 2012. Subsequently, on December 17, 2002, Mary Jane Rackley and James R. Peters entered into an "Agreement" providing for a credit in the amount of $3,420.47 against the $30,000.00 promissory note; thereby reducing the balance due under said note to $26,579.53. A copy of the Promissory Note and Agreement are both attached as Cumulative Exhibit "A" hereton as if fully copies herein.

4. Debtor, James Richard Peters, filed a Chapter 7 bankruptcy on July 25, 2003, and the promissory note and obligation due James Richard Peters by Mary Jane Rackley, became an asset of Debtor's bankruptcy estate.

5. Defendant breached the note by failure to pay the indebtedness described above on or before May 6, 2012. Demand was made by Selene D. Maddox, Attorney for Chapter 7 Trustee, Selene D. Maddox, by letter mailed regular mail, postage prepaid and mailed by certified mail-return receipt, both on October 15, 2012, for payment due under the note and demand letter was received by Defendant. A copy of the demand letter and return receipt attached as Cumulative Exhibit "B" hereto as if fully copies herein.

WHEREFORE, Plaintiff demands Judgment against the Defendant, Mary Jane Rackley, in the sum of $26,579.53, plus a reasonable attorney fee and court costs and any other costs of collection, all as provided under the Promissory Note dated October 7, 2002. Plaintiff prays for all other relief to which she may be entitled, general and specific, as this Court may deem proper.

Respectfully submitted, this the 1st day of July, 2013.

SELENE D. MADDOX, CHAPTER 7
CASE PANEL TRUSTEE FOR THE
BANKRUPTCY ESTATE OF
JAMES RICHARD PETERS

BY: _____
SELENE D. MADDOX MSB #1815
Attorney for Chapter 7 Trustee

Selene D. Maddox
Maddox Law Office
362 North Broadway Street
Tupelo, MS 38804
(662) 841-0061

P.O. Box 1432
Columbus, MS 39703-1432
(662) 327-0100

STATE OF MISSISSIPPI

COUNTY OF LEE

## PROMISSORY NOTE

For and in good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, I, Mary Jane Rackley, do hereby promise to pay to the order of James R. Peters, the sum of Thirty Thousand Dollars ($30,000) with no interest thereon due and payable in full on or before the 6th day of May, 2012.  Should default be had hereunder then debtor agrees to pay all costs of collection, including a reasonable attorney fee.

This the 7th day of October, 2002.

_____
MARY JANE RACKLEY


SWORN TO AND SUBSCRIBED BEFORE ME, this the 7th day of October, 2002.

_____
NOTARY PUBLIC


MY COMMISSION EXPIRES:

MY COMMISSION
EXPIRES SEPT. 4, 2004


Exhibit "A", Page 1 of 4

STATE OF MISSISSIPPI

COUNTY OF LEE

## AGREEMENT

This Agreement made and entered into in original triplicate by and between Mary Jane Rackley of Pontotoc County, Mississippi, hereinafter referred to as "Rackley," James R. Peters of Lee County, Mississippi, hereinafter referred to as "Peters" and Palamino, L.L.C., a Mississippi Limited Liability Company, hereinafter referred to as "Palamino."

WHEREAS, Rackley and Peters are each a certified public accountant and have been practicing accountancy under a partnership known as J.R. Peters & Associates, C.P.A.s;

WHEREAS, Peters and Rackley are the sole owners and operators of Palamino which is the title holder of an office building and lot municipally known as 120 West Main, Baldwyn, Prentiss County, Mississippi;

WHEREAS, Rackley and Peters desire to terminate their C.P.A. partnership with Peters' right, title and interest therein being transferred to Rackley; and

WHEREAS, Peters desires to convey his interest in Palamino to Rackley with Rackley desiring to purchase the same from Peters. Now therefore,

For and in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, we, Rackley, Peters and Palamino, jointly and severally agree as follows, to-wit:

1. Peters does hereby resign and has resigned as a partner of J.R. Peters & Associates, C.P.A. effective the 6th day of May, 2002;

2. Peters does hereby sell, transfer and convey to Rackley all his right, title and interest in and to Palamino, L.L.C., including but not limited to title to the aforestated Baldwyn, Mississippi, business property;

3. Peters does hereby sell, transfer and convey unto Rackley all his right, title and interest in and to all assets of the partnership, J.R. Peters & Associates, C.P.A., and such partnership shall be promptly terminated.

4. The only liabilities of J.R. Peters & Associates, C.P.A., are the three (3) Promissory Notes owed to Merchants and Farmers Bank of Baldwyn, Mississippi, First National

Exhibit "A"  Page 2 of 4

Bank and the August 22, 2001, Promissory Note to Wayne Hill. Rackley shall be exclusively obligated as to the debts evidenced by such Promissory Notes and shall hold Peters harmless therefrom.

Should Rackley default on her obligations as to the Promissory Note owed to Wayne Hill and should Wayne Hill initiate collection litigation against Peters, then Rackley shall have thirty (30) days time within which to cure such default; otherwise, Peters shall have the option of satisfying such indebtedness owed to Wayne Hill at which time all of Rackley's right, title and interest in the Baldwyn practice and the Palamino building shall be deemed transferred to Peters who shall then exclusively assume all obligations applicable to such practice and/or building and hold Rackley harmless therefrom.

5. Rackley does hereby agree to pay to Peters the sum of Thirty Thousand Dollars ($30,000), interest free, due and payable ten (10) years from the 6th day of May, 2002, against which Rackley is hereby allowed a credit of Three Thousand Four Hundred Twenty Dollars and Forty-Seven Cents ($3,420.47) resulting out of Rackley's May, 2002, satisfaction of a credit card charge of Peters.

6. As long as the indebtednesses set forth in Paragraphs 4 and 5 hereinabove remain unsatisfied, Rackley shall continue to maintain life insurance policy number L-000704937 issued on her life by Shelter Insurance Company while designating Peters as the beneficiary. Should Rackley pass away prior to satisfaction of these indebtednesses then Peters shall collect the life insurance benefits and shall distribute such benefits as follows: (a) to cause full satisfaction and payment of any balance owed hereunder to each such creditor, and (b) to transfer and pay over the balance of such insurance benefits to the executor or executrix of the probate estate of Rackley.

7. Peters agrees not to compete directly or indirectly with the accounting activities of Rackley for a two (2) year period from the 6th day of May, 2002, within fifty (50) miles of Tupelo, Mississippi; except during such time period Peters shall have the right to conduct accounting activities directly for any one or more of the following clients:

    A.    Martin Scarlett;

    B.    Iris Peters;

    C.    Paul Peters;

D. Jerry Peters;

E. Clifton Peters;

F. Inja Peters;

G. James Peters;

H. Sara Peters;

I. Toni Peters;

J. John Peters; and

K. Any company any one or more of the above clients have majority ownership interest in.

8. Should one party breach any term or condition of this Agreement then the other party shall be entitled to cost of court including a reasonable attorney fee.

9. This Agreement shall be construed under and by virtue of the laws of the State of Mississippi.

This the 17 day of December, 2002.

_____
J.R. PETERS

_____
MARY JANE RACKLEY

PALAMINO, L.L.C.

BY: _____

Exhibit "A" Page 4 of 4

## SELENE D. MADDOX, CHAPTER 7 TRUSTEE

October 9, 2012

Certified Mail - Return Receipt
Number 7007 1490 0001 5412 1581

Mary Jane Rackley
120 West Main Street
Baldwyn, MS 38824

*Regular Mail - Postage Prepaid*

Re:   James R. Peters, Chapter 7 Bankruptcy Case No. 03-14708
      Your indebtedness under Promissory Note dated October 7, 2002

Dear Ms. Rackley,

As you are aware, I am the Successor Trustee for the Bankruptcy Estate of James R. Peters, Case No. 03-14708, Northern District of Mississippi. Upon the filing of bankruptcy by Mr. Peters, your indebtedness due and owing him became an asset of his bankruptcy estate. Your promissory note came due on May 6, 2012, in the amount of $30,000.00 less the $3,420.47 credit allowed under your Agreement dated December 17, 2002, for a balance past due of **$26,579.53**. I have not heard from you nor have I received payment in satisfaction of your indebtedness. Enclosed find a copy of the Promissory Note as well as the Agreement between you and James R. Peters.

I, as the Chapter 7 Bankruptcy Case Panel Trustee appointed in this case, hereby make demand for payment of the sum of $26,579.53 by certified funds, payable to Selene D. Maddox as Trustee for the Chapter 7 Estate of James R. Peters. I must receive these funds on or before November 20, 2012, or I will be forced to proceed with legal action to collect this indebtedness and you may be liable for additional fees as provided under your Promissory Note.

I hope this matter can be resolved without any further action.

Sincerely,

Selene D. Maddox

SDM:mmi

Enclosures

**1611-A Gardner Blvd., Columbus, MS 39701
Post Office Box 1432, Columbus, MS 39703-1432
Telephone (662) 327-0100 * Facsimile (662) 327-0640**

Exhibit "B", Page 1 of 2

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Debbie Massey_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br>Mary Jane Rackley<br>120 W. Main St.<br>Baldwyn MS 38824 | D. Is delivery address different from item 1? ☑ Yes<br>If YES, enter delivery address below: ☐ No<br>PO BOX 339 Baldwyn |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☑ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 1490 0001 5412 1581 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Selene D. Maddox
Chapter 7 Trustee
P.O. Box 1432
Columbus, MS 39703-1432

7007 1490 0001 5412 1581

**CERTIFIED MAIL**

Mary Jane Rackley
120 W. Main St.
Baldwyn, MS 38824

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ .65 |
| Certified Fee | 2.95 |
| Return Receipt Fee (Endorsement Required) | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.95 |

Sent To: Mary Jane Rackley
Street, Apt. No.; or PO Box No. 120 W. Main St.
City, State, Zip+4 Baldwyn, MS 38824

$005.95°
MAILED FROM ZIPCODE 38801
OCT 15 2012

Exhibit "B", Page 2 of 2